THOMAS SEININSKI *vs.* WILMINGTON LEATHER COMPANY, a corporation of the State of Delaware.

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—PLEADING

A declaration in an action for injuries to a servant, which alleges that the master, knowing that the servant was inexperienced in the occupation to which he was put by the master, to take skins from a flushing machine, which was defective and dangerous, negligently omitted to warn or instruct the servant as to the danger, sufficiently charges a negligent failure to warn or instruct the servant, as against a demurrer.

2. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—PLEADING.

A declaration in an action for injuries to a servant, which alleges that the servant was employed in general duties which were safe, and that on a designated date the master negligently placed the servant at work on a machine, that the employment was a dangerous one, and that the master did not give to the servant any instructions or warning in relation thereto, though he knew that the servant was ignorant of the danger, states a cause of action for the failure of the master to instruct or warn the servant as to the dangerous employment.

(*November* 25, 1910.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*William S. Hilles* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1910.

ACTION ON THE CASE (No. 24, May Term, 1910), to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant.

On demurrer to second and third counts of plaintiff's declaration.     Overruled.

PENNEWILL, C. J., delivering the opinion of the court:

The court are prepared to render a decision upon the demurrer argued this morning in the case of *Thomas Seininski v. Wilmington Leather Company.*

The second count of the plaintiff's declaration sets out:

"That the said defendant, on the fourteenth day of January, 1910, at the county aforesaid, well knowing that the said plaintiff was inexperienced in the occupation to which he was then put by the defendant, to wit, taking skins from a certain flushing machine which was then and there defective, dangerous and out of order, negligently and carelessly omitted to warn or instruct the said plaintiff as to the danger connected with the said occupation."

25 Del.]          Seininski vs. Wil. Leather Co.          119

Opinion.

This count is demurred to on the ground that it is not sufficiently stated in what respect the machine was defective, dangerous and out of order. This objection might very well be made if the negligence relied upon was the fact that the machine was defective, dangerous and out of order. But the negligence averred in this count is not that the machine was defective, dangerous and out of order, but that the defendant, knowing that the plaintiff was inexperienced in the occupation of taking skins from a certain flushing machine which was defective, dangerous and out of order, *negligently and carelessly omitted to warn or instruct the plaintiff as to the danger connected with the said occupation.* The specific negligence averred is the failure to warn or instruct the plaintiff as to the danger connected with the employment to which he was put by the defendant.

We think that the negligence relied upon in the second count is sufficiently set out, and overrule the demurrer thereto.

The third count sets out:

" That the said defendant employed the said plaintiff in general duties about its place of business, the same being a safe and secure occupation, and on the fourteenth day of January, 1910, at the county aforesaid, negligently and carelessly placed the said plaintiff at work upon a certain flushing machine, the same being a dangerous employment, and without giving to the said plaintiff any instructions or warning in relation thereto, the said defendant well knowing that the said plaintiff was ignorant of the risk and danger connected therewith," etc.

The negligence averred in this count is not that the employment was a dangerous one, but that the said defendant, having employed the said plaintiff in attending to duties about its place of business, the same being a safe and secure occupation, on the fourteenth day of January, 1910, at the county aforesaid, negligently and dangerously placed the said plaintiff at work upon a certain flushing machine, the same being a dangerous employment, *without giving to the said plaintiff any instruction or warning in relation thereto.*

The specific negligence averred, therefore, in this count is the failure to give the plaintiff any instruction or warning in rela-

tion to the dangerous employment. We think the negligence relied upon in the third count is sufficiently set out, and overrule the demurrer thereto.